**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | Jointly Administered |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS, | Adversary Proceeding |
| Plaintiff, | Adv. Pro. No. 24-03989 (MG) |
| v. | Civil No. 25 Civ. 926 (JLR) |
| COMPOUND LABS, INC., COMPOUND DAO, ROBERT LESHNER, and GEOFFREY HAYES, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS COMPOUND LABS, INC., ROBERT LESHNER, AND GEOFFREY HAYES'S MOTION TO WITHDRAW THE REFERENCE

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ....................................................................................................................... 3

    I.      Plaintiff's Securities Fraud Claim Does Not Mandate Withdrawal .......................... 3

    II.     Defendants Have Not Established Cause for Discretionary Withdrawal ................ 7

    III.    Withdrawal Is Premature in Any Event ..................................................................... 11

CONCLUSION ................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adelphia Commc'ns Corp. v. Thomson Inc.*,
  No. 10 Civ. 4464(RMB), 2010 WL 3000169 (S.D.N.Y. July 22, 2010) ..................................8

*In re Ambac Fin. Grp., Inc.*,
  457 B.R. 299 (Bankr. S.D.N.Y. 2011) ..................................................................................11

*Balestra v. ATBCOIN LLC*,
  380 F. Supp. 3d 340 (S.D.N.Y. 2019) ....................................................................................5

*Ball v. Soundview Composite Ltd.* (*In re Soundview Elite Ltd.*),
  Nos. 13-13098, 14-CV-3179 SAS, 2014 WL 2998529 (S.D.N.Y. July 3, 2014) ..................10

*Beranger v. Harris*,
  Civ. Action No. 1:18-CV-05054-CAP, 2019 WL 5485128 (N.D. Ga. Apr. 24,
  2019) ......................................................................................................................................5

*Brick v. Ring* (*In re Nat'l Risk Assessment, Inc.*),
  Case Nos. 14-11886 (CLB), 1:18-cv-932, A.P. No. 16-01046 (CLB), 2019
  WL 234659 (W.D.N.Y. Jan. 16, 2019) ..................................................................................13

*C-TC 9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*),
  177 B.R. 760 (N.D.N.Y. 1995) ...............................................................................................4

*Cal. v. Enron Corp.* (*In re Enron Corp.*),
  No. 05 Civ. 4079(GBD), 2005 WL 1185804 (S.D.N.Y. May 18, 2005) ...............................11

*Diamond Fortress Techs., Inc. v. EverID, Inc.*,
  274 A.3d 287 (Del. Super. Ct. 2022) ......................................................................................5

*Gucci v. Gucci*,
  No. 96 Civ. 8216 (JSR), 1997 WL 122838 (S.D.N.Y. Mar. 17, 1997) .................................12

*Hodges v. Harrison*,
  372 F. Supp. 3d 1342 (S.D. Fla. 2019) ...................................................................................5

*Homeland Stores, Inc. v. Burris* (*In re Homeland Stores, Inc.*),
  204 B.R. 427 (D. Del. 1997) ...................................................................................................3

*Houghton v. Compound DAO*,
  No. 22-cv-7781-WHO (N.D. Cal.) ..........................................................................................6

*Hunnicutt Co., Inc. v. TJX Cos.* (*In re Ames Dep't Stores, Inc.*),
  190 B.R. 157 (S.D.N.Y. 1995) ..............................................................................................13

*Int'l Ass'n of Machinists & Aerospace Workers v. E Air Lines, Inc.* (*In re Ionosphere Clubs, Inc.*),
103 B.R. 416 (S.D.N.Y. 1989)......................................................................6

*Kirschner v. Agoglia*,
476 B.R. 75 (S.D.N.Y. 2012)......................................................................13

*In re Laventhol & Horwath*,
139 B.R. 109 (S.D.N.Y. 1992)......................................................................4

*Lehman Bros. Holdings, Inc. v. Hometrust Mortg. Co.*,
No. 15 Civ. 304(PAE), 2015 WL 891663 (S.D.N.Y. Feb. 25, 2015)....................7, 9

*Lehman Bros. Holdings Inc. v. Intel Corp.* (*In re Lehman Bros. Holdings Inc.*),
18 F. Supp. 3d 553 (S.D.N.Y. 2014)......................................................................9

*Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A.* (*In re Lehman Bros. Holdings Inc.*),
480 B.R. 179 (S.D.N.Y. 2012)......................................................................9, 12

*Merkamerica Inc. v. Glover*,
Case No. CV 19-6111 PSG, 2019 WL 8989833 (C.D. Cal. Dec. 3, 2019) ...............5

*Messer v. Bentley Manhattan Inc.* (*In re Madison Bentley Assocs., LLC*),
474 B.R. 430 (S.D.N.Y. 2012)......................................................................12

*Mishkin v. Ageloff* (*In re Adler, Coleman Clearing Corp.*),
270 B.R. 562 (S.D.N.Y. 2001)......................................................................12

*Moore Macro Fund, LP v. Lehman Bros. Holdings Inc.* (*In re Lehman Bros. Holdings, Inc.*),
No. 14cv5053, 2014 WL 4635576 (S.D.N.Y. Sept. 5, 2014)....................................11

*Ne. Indus. Dev. Corp. v. ParkStone Cap. Partners, LLC* (*In re Ne. Indus. Dev. Corp.*),
511 B.R. 51 (S.D.N.Y. 2014)......................................................................9

*Nisselson v. Salim* (*In re Big Apple Volkswagen, LLC*),
Case No. 11-11388 (JLG) Adv. Proc. No. 11-2251 (JLG), 2016 WL 1069303 (Bankr. S.D.N.Y. Mar. 17, 2016)......................................................................12, 13

*O'Connell v. Terranova* (*In re Adelphi Inst., Inc.*),
112 B.R. 534 (S.D.N.Y. 1990)......................................................................4, 6, 12

*Pension Benefit Guar. Corp. v. Pan Am Corp.* (*In re Pan Am Corp.*),
133 B.R. 700 (S.D.N.Y. 1991)......................................................................13

*Picard v. Greiff*,
    617 B.R. 198 (S.D.N.Y. 2020) ................................................................................................3, 9

*Pryor v. Tromba*,
    No. 13-CV-676 (JFB), 2014 WL 1355623 (E.D.N.Y. Apr. 7, 2014) ..................................9, 13

*Rensel v. Centra Tech, Inc.*,
    Civ. Action No. 17-24500-Civ-Scola, 2019 WL 6828270 (S.D. Fla. Dec. 13,
    2019) ................................................................................................................................5

*Sec Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    No. 1:20-cv-04767-MKV, 2023 WL 6122905 (S.D.N.Y Sept. 18, 2023)..............7, 10, 11, 12

*Sec. Nat'l Mortg. Co. v. Lehman Bros. Holdings, Inc.*,
    No. 20mc00027 (LAK) (DF), Adv. Pro. No. 18-01819 (SCC), 2020 WL
    9815257 (S.D.N.Y. July 10, 2020) ................................................................................8

*SEC v. Blockvest, LLC*,
    Case No. 18CV2287-GPB(BLM), 2019 WL 625163 (S.D. Cal. Feb. 14, 2019) ....................5

*SEC v. Coinbase, Inc.*,
    726 F. Supp. 3d 260 (S.D.N.Y. 2024), *cert. granted*, No. 23 Civ. 4738 (KPF),
    2025 WL 40782 (S.D.N.Y. Jan. 7, 2025) ........................................................................5

*SEC v. Kik Interactive Inc.*,
    492 F. Supp. 3d 169 (S.D.N.Y 2020) ................................................................................6

*SEC v. Telegram Grp. Inc.*,
    448 F. Supp. 3d 352 (S.D.N.Y. 2020) ..............................................................................6

*SEC v. Terraform Labs PTE. Ltd.*,
    684 F. Supp. 3d 170 (S.D.N.Y. 2023)................................................................................6

*Sheldrake Lofts LLC v. Remediation Cap. Funding, LLC* (*In re Sheldrake Lofts
    LLC*),
    No. 14-cv-4274 (NSR), 2014 WL 6450340 (S.D.N.Y. Nov. 15, 2014) ................................10

*Shugrue v. Air Line Pilots Ass'n Int'l* (*In re Ionosphere Clubs, Inc.*),
    922 F.2d 984 (2d Cir. 1990)................................................................................................4

*Shugrue v. Pension Benefit Guar. Corp.* (*In re Ionosphere Clubs, Inc.*),
    142 B.R. 645 (S.D.N.Y. 1992)..........................................................................................14

*Solis v. Latium Network, Inc.*,
    Case No. 18-10255 (SDW) (SCM), 2018 WL 6445543 (D.N.J. Dec. 10, 2018) ....................5

*United States v. Zaslavskiy*,
    No. 17 CR 647 (RJD), 2018 WL 4346339 (E.D.N.Y. Sept. 11, 2018) ....................................5

*Weisfelner v. NAC Invs. LLC* (*In re Lyondell Chem. Co.*),
    467 B.R. 717 (S.D.N.Y. Mar. 29, 2012) ..................................................................................8

**Statute**

28 U.S.C. § 157(D) ................................................................................................ *passim*

Mohsin Y. Meghji ("Plaintiff" or "Litigation Administrator"), as Litigation Administrator for Celsius Network LLC and its affiliated debtors (collectively, "Celsius," the "Debtors" or the "Post-Effective Date Debtors") respectfully submits this response to Defendants Compound Labs, Inc., Robert Leshner, and Geoffrey Hayes's ("Defendants") Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(D) [ECF No. 1] (the "Motion") and respectfully states as follows.

## PRELIMINARY STATEMENT

Defendants seek to withdraw this case from consideration by the Court best suited to decide it. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has been presiding over a host of litigation concerning the Debtors and the administration of their estates for over two and a half years. The Bankruptcy Court is intimately familiar with the Debtors, their business, and many of the documents, witnesses, and issues this case presents. The Bankruptcy Court has previously heard testimony concerning issues relevant to this case, and it has exclusive and continuing jurisdiction to resolve discovery issues the case is likely to present concerning the settlement reached in a related action. Defendants' Motion seeks relief that defies judicial efficiency and the appropriate administration of the Debtors' estates, smacks of forum shopping, and should be summarily denied as meritless.

As an initial matter, Defendants have not established that withdrawal of the reference is mandatory. There is nothing novel or unprecedented regarding the application of federal securities law to blockchain-based digital assets like those at issue here. Numerous courts within this Circuit have already done so, and this case requires nothing more than the Bankruptcy Court's routine application of that precedent.

Defendants have additionally failed to meet the very high burden required to establish cause for discretionary withdrawal. To the contrary, the paramount interests of promoting

uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving Debtors' resources, and judicial efficiency all weigh strongly in favor of the Bankruptcy Court retaining jurisdiction to decide this proceeding, along with the (literal) thousands of other cases it is currently presiding over as part of the administration of Debtors' estates.

Finally, even if withdrawal of the reference was appropriate (and it is not), it is premature in a case as far from "trial ready" as this one.  This action is still in its infancy, and for the reasons set forth above, should remain with the Bankruptcy Court for determination of all pretrial matters.  Accordingly, the Court should, at the very least, deny the Motion without prejudice until the case is ready for trial, or if the reference is withdrawn, remand the action to the Bankruptcy Court for all pretrial proceedings, including dispositive motion practice.

## BACKGROUND

On July 13, 2022, Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York.  Ch. 11 Voluntary Pet. for Non-Individual, *In re Celsius Network LLC*, No. 22-bk-10964-MG (Bankr. S.D.N.Y. July 13, 2022), ECF No. 1.  Debtors emerged from bankruptcy with a confirmed plan of reorganization on November 9, 2023.  Modified Joint Ch. 11 Plan of Reorganization of Celsius Network LLC & Its Debtor Affiliates, *In re Celsius Network, LLC*, No. 22-bk-10964-MG (Bankr. S.D.N.Y. Nov. 9, 2023), ECF No. 3972-1 (the "Confirmed Plan").  The Confirmed Plan vests the Bankruptcy Court with exclusive jurisdiction to hear and determine a wide range of disputes, including the Litigation Administrator's claims here.  *See* Confirmed Plan, Art. XII.

In accordance with the Confirmed Plan, Plaintiff initially commenced this Adversary Proceeding against Compound Labs, Inc. in the Bankruptcy Court on July 12, 2024.  Adversary Compl., *In re Celsius Network LLC*, No 24-bk-03989-MG (Bankr. S.D.N.Y. July 12, 2024), ECF No. 1 ("Original Complaint").  Plaintiff amended the Original Complaint on November 1, 2024,

adding Robert Leshner, Geoffrey Heys, and Compound DOA as additional Defendants.  First Am. Compl., *In re Celsius Network LLC*, No. 24-bk-03989-MG,  (Bankr. S.D.N.Y. Nov. 1, 2024), ECF No. 22 ("Amended Complaint").  In the Amended Complaint, Plaintiff brings claims for negligence, negligent misrepresentation, professional negligence, securities fraud, and breach of fiduciary duty to recover the damages Celsius suffered as a result of a November 2020 event during which millions of dollars of Celsius' assets were wrongfully liquidated.  *Id.*

Defendants filed a motion to dismiss the Amended Complaint on December 20, 2024 (the "Motion to Dismiss").  Notice of Mot. to Dismiss Am. Compl. by Defs. Compound Labs, Inc., Robert Leshner, & Geoffrey Hayes, *In re Celsius Network* LLC, No. 24-bk-03989-MG (Bankr. S.D.N.Y. Dec. 20, 2024), ECF No. 32.  Plaintiff filed its response to the Motion to Dismiss on January 31, 2025.  Resp. to Defs. Compound Labs, Inc., Robert Leshner, & Geoffrey Hayes's Mot. to Dismiss the Am. Compl., *In re Celsius Network LLC*, No. 24-bk-03989-MG (Bankr. S.D.N.Y. Jan. 31, 2025), ECF No. 42.  Defendants' reply is due on February 21, 2025.

Shortly before the deadline for Plaintiff's response in opposition to the Motion to Dismiss, Defendants filed the instant Motion on January 27, 2025, nearly three full months after Plaintiff filed its Amended Complaint, in an apparent hope of finding an audience Defendants perceive as more receptive to the arguments in their Motion to Dismiss.

## ARGUMENT

### I.    Plaintiff's Securities Fraud Claim Does Not Mandate Withdrawal

The moving party has the burden of establishing a basis for withdrawal.  *Homeland Stores, Inc. v. Burris* (*In re Homeland Stores, Inc.*), 204 B.R. 427, 430 (D. Del. 1997) (movant's burden); *Picard v. Greiff*, 617 B.R. 198, 208 (S.D.N.Y. 2020) (denying defendant's motion to withdraw the reference when defendant failed to demonstrate that the factors favored withdrawal).  Withdrawal

of the reference is not intended to be "utilized as an escape hatch through which most bankruptcy matters [could] be removed to a district court." *In re Laventhol & Horwath*, 139 B.R. 109, 114-15 (S.D.N.Y. 1992) (alteration in original) (citations and internal quotation marks omitted). Accordingly, courts in the Second Circuit narrowly apply section 157(d) of the Bankruptcy Code, and the mere presence of non-bankruptcy claims do not mandate withdrawal of the reference. *Id.* at 115. Nor is withdrawal required when the case calls for the mere application of non-bankruptcy law to a particular set of facts. *O'Connell v. Terranova* (*In re Adelphi Inst., Inc.*), 112 B.R. 534, 536 (S.D.N.Y. 1990). "Section 157(d) does not mandate withdrawal unless the district court can make an affirmative determination that resolution of the claims will require substantial and material consideration of non-code statutes." *Id.* (citations and internal quotation marks omitted). Mandatory withdrawal is thus typically reserved for issues of first impression or cases involving substantial and material conflicts between bankruptcy and non-bankruptcy law. *See, e.g.*, *C-TC 9th Ave. P'ship v. Norton Co.* (*In re C-TC 9th Ave. P'ship*), 177 B.R. 760, 764 (N.D.N.Y. 1995).

As the sole basis for mandatory withdrawal here, Defendants cite the securities fraud claim Plaintiff has asserted in the Amended Complaint. However, the mere presence of a non-bankruptcy claim does not dictate withdrawal of the reference. *See, e.g.*, *Shugrue v. Air Line Pilots Ass'n Int'l* (*In re Ionosphere Clubs, Inc.*), 922 F.2d 984, 995 (2d Cir. 1990) (mandatory withdrawal not available "merely whenever non-Bankruptcy Code federal statutes will be considered in the Bankruptcy Court proceeding") (citations and internal quotation marks omitted); *In re Laventhol & Horwath*, 139 B.R. at 115 (presence of RICO claim did not establish basis for mandatory withdrawal); *In re C-TC 9th Ave. P'ship*, 177 B.R. at 764 ("[T]he mere fact that the bankruptcy judge is forced to determine issues outside the scope of bankruptcy laws is insufficient to mandate

withdrawal until and unless the movant can demonstrate that such issues are one of first impression or that there is a conflict between the Code and non-Code cases.").

Nor have Defendants established that there are any conflicts between the Bankruptcy Code and the securities claim Plaintiff has asserted, that Plaintiff's claim presents an issue of first impression, or that Plaintiff's claim will require substantial and material consideration of both bankruptcy and non-bankruptcy laws. Defendants contend that Plaintiff's application of the securities laws to blockchain-based digital assets presents novel and complicated issues of non-bankruptcy federal law. But that is not the case. Numerous courts within this Circuit have applied federal securities laws – including the *Howey* test Defendants cite – to cases involving blockchain-based digital assets.[2] *See, e.g.*, *SEC v. Coinbase, Inc.*, 726 F. Supp. 3d 260, 287-88 (S.D.N.Y. 2024), *cert. granted*, No. 23 Civ. 4738 (KPF), 2025 WL 40782 (S.D.N.Y. Jan. 7, 2025); *United States v. Zaslavskiy*, No. 17 CR 647 (RJD), 2018 WL 4346339, at *4-8 (E.D.N.Y. Sept. 11, 2018) (applying *Howey* test to securities fraud suit regarding crypto-asset investment schemes and initial coin offerings); *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 357 (S.D.N.Y. 2019) (citation

---

[2] Numerous courts in other jurisdictions have done so as well. *See, e.g.*, *Rensel v. Centra Tech, Inc.*, Civ. Action No. 17-24500-Civ-Scola, 2019 WL 6828270, at *2 (S.D. Fla. Dec. 13, 2019) (holding crypto tokens are securities under the *Howey* test); *Beranger v. Harris*, Civ. Action No. 1:18-CV-05054-CAP, 2019 WL 5485128, at *3 (N.D. Ga. Apr. 24, 2019) (finding plaintiff properly alleged crypto tokens are securities under *Howey* test even were tokens had additional functionality—such as access to events—in addition to expectation of a profit); *SEC v. Blockvest, LLC*, Case No. 18CV2287-GPB(BLM), 2019 WL 625163, at *7 (S.D. Cal. Feb. 14, 2019) (holding defendants' website and whitepaper invitation to investors to provide digital currency in return for tokens satisfies *Howey* test); *Hodges v. Harrison*, 372 F. Supp. 3d 1342, 1349 (S.D. Fla. 2019) (holding Monkey Capital-issued tokens, Monkey Coin and Coeval, were securities under *Howey* test); *Solis v. Latium Network, Inc.*, Case No. 18-10255 (SDW) (SCM), 2018 WL 6445543, at *3 (D.N.J. Dec. 10, 2018) (holding plaintiff sufficiently alleged LATX tokens were investment contracts under *Howey*); *Merkamerica Inc. v. Glover*, Case No. CV 19-6111 PSG (GJSx), 2019 WL 8989833, at *13 (C.D. Cal. Dec. 3, 2019) (denying motion to dismiss Rule 10b-5 claims where whitepaper including material misrepresentations as to value of cryptocurrency); *Diamond Fortress Techs., Inc. v. EverID, Inc.*, 274 A.3d 287, 302 (Del. Super. Ct. 2022) (holding crypto tokens to be a security under *Howey*).

and internal quotation marks omitted) (finding complaint "plausibly alleg[ed] facts demonstrating that the ATB coin qualifies as an investment contract under the *Howey* test"); *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 177 (S.D.N.Y 2020) (holding that the *Howey* test was satisfied in an enforcement action regarding the sale of crypto assets); *SEC v. Telegram Grp. Inc.*, 448 F. Supp. 3d 352, 379 (S.D.N.Y. 2020) (holding that the SEC had shown substantial likelihood of satisfying the *Howey* test with respect to cryptocurrency); *SEC v. Terraform Labs PTE. Ltd.*, 684 F. Supp. 3d 170, 193-98 (S.D.N.Y. 2023) (applying the *Howey* test in a securities action for sale of unregistered securities against crypto asset company and its founder). Given the numerous cases previously addressing this issue, resolution of Plaintiff's securities claim requires nothing more than the Bankruptcy Court's routine interpretation and application of non-bankruptcy law to the facts of the case before it.[3] Withdrawal is not mandatory under those circumstances, and Defendants' motion for mandatory withdrawal should accordingly be denied. *See, e.g.*, *Int'l Ass'n of Machinists & Aerospace Workers v. E Air Lines, Inc.* (*In re Ionosphere Clubs, Inc.*), 103 B.R. 416, 420 (S.D.N.Y. 1989) ("While any application of a statute to a factual situation necessitates a degree of statutory interpretation, as is the case here, Congress could not have intended to provide mandatory withdrawal in cases that merely involve a routine application of established legal standards."); *In re Adelphi Inst., Inc.*, 112 B.R. at 537 (explaining that case involved application of RICO to the specific facts of the complaint, which although "not always an easy task," was "not one requiring withdrawal").

---

[3] Indeed, Defendants declined to even challenge that their tokens are, in fact, securities in another pending securities action. *See* Pls.' Resp. to Defs.' Mot. to Dismiss, *Houghton v. Compound DAO*, No. 22-cv-7781-WHO (N.D. Cal. June 22, 2023), ECF No. 82.

## II.    **Defendants Have Not Established Cause for Discretionary Withdrawal**

Courts may grant discretionary withdrawal only where the moving party establishes that there is "cause" to do so.  28 U.S.C. § 157(d).  Courts in the Second Circuit consider the following factors in determining whether the movant has met this burden: (i) whether the asserted claim is core or non-core, or in other words, whether the bankruptcy court may finally determine the matter, (ii) whether a right to a jury trial exists, and (iii) "whether other factors—including the efficient use of judicial resources, delay and cost to the parties, uniformity of bankruptcy administration, and prevention of forum shopping—counsel in favor of maintaining or withdrawing the reference." *Lehman Bros. Holdings, Inc. v. Hometrust Mortg. Co.*, No. 15 Civ. 304(PAE), 2015 WL 891663, at *2 (S.D.N.Y. Feb. 25, 2015) (citations omitted).

As with mandatory withdrawal, Defendants have failed to meet their burden to establish discretionary withdrawal is appropriate here.  The main thrust of Defendants' argument that there is cause for discretionary withdrawal is that Plaintiff's Amended Complaint asserts non-core claims for which the Bankruptcy Court cannot enter a final judgment.  But even if that were true – and it is not as Plaintiff has asserted core claims affecting the administration and liquidation of Debtors' estates – that would not establish cause for withdrawal.  "A determination that the bankruptcy court lacks authority to enter final judgment does not mandate withdrawal of the bankruptcy reference."  *Sec Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 1:20-cv-04767-MKV, 2023 WL 6122905, at *8 (S.D.N.Y Sept. 18, 2023) (citations omitted).  As the Supreme Court has explained even "when a bankruptcy court lacks authority to enter final judgment, the proper course is to issue proposed findings of fact and conclusions of law that the district court will then review . . . *de novo* and enter judgment."  *Hometrust Mortg. Co.*, 2015 WL 891663, at *3 (alteration in original) (internal citations and quotation marks omitted).

Defendants' request for a jury trial is similarly insufficient to establish cause. "The simple fact that a party is entitled to a jury trial does not require a district court to withdraw the reference." *Adelphia Commc'ns Corp. v. Thomson Inc.*, No. 10 Civ. 4464(RMB), 2010 WL 3000169, at *3 (S.D.N.Y. July 22, 2010); *see also Weisfelner v. NAC Invs. LLC* (*In re Lyondell Chem. Co.*), 467 B.R. 717, 725 (S.D.N.Y. Mar. 29, 2012) (denying motion to withdraw the reference and noting that "[i]f and when the defendants assert their jury trial rights and/or the case proceeds to trial, then, the defendants are free to move for withdrawal a second time"). And withdrawal on that basis would be premature in any event as set forth in greater detail below.

Finally, each of the remaining factors counsels in favor of maintaining the reference here. The goals of judicial economy and expeditious and efficient determinations of cases would not be served by the consideration of Plaintiff's claims by a federal district court wholly unfamiliar with the case. In this regard, "the Adversary Proceeding must be properly viewed in its broader context." *Sec. Nat'l Mortg. Co. v. Lehman Bros. Holdings, Inc.*, No. 20mc00027 (LAK) (DF), Adv. Pro. No. 18-01819 (SCC), 2020 WL 9815257, at *19 (S.D.N.Y. July 10, 2020) (citation and internal quotation marks omitted). For more than two and a half years, the Bankruptcy Court has overseen both the Debtors' underlying bankruptcy case, as well as over two thousand related adversary proceedings, including this one. The Bankruptcy Court has already successfully resolved over three hundred of those adversary proceedings[4] and is fully immersed in a multitude of issues central to this litigation, including having previously presided over discovery and other disputes likely to be relevant in this case, received testimony concerning pertinent issues in a related matter, and retained exclusive and continuing jurisdiction with respect to the settlement

---

[4] PACER Assoc. Cases Result Set, *In re. Celsius Network LLC*, No. 22-bk-10964-MG (S.D.N.Y.), https://ecf.nysb.uscourts.gov/cgi-bin/qryAscCases.pl?312902 (last visited Feb. 10, 2025).

agreement reached in a related case, which is likely to be implicated in the discovery process here. Given the Bankruptcy Court's efforts and involvement in thousands of related proceedings, it is uniquely well positioned to decide this case. Considerations of judicial economy, delay and cost to the parties, and uniformity of bankruptcy administration thus weigh strongly in favor of sustaining the reference. *See, e.g.*, *Ne. Indus. Dev. Corp. v. ParkStone Cap. Partners, LLC* (*In re Ne. Indus. Dev. Corp.*), 511 B.R. 51, 54 (S.D.N.Y. 2014) (citation omitted); *see also Greiff*, 617 B.R. at 207 (citations omitted) ("[H]aving overseen the resolution of over 700 adversary proceedings since 2014, including resolving over 230 motions to dismiss, various discovery-related motions, conducting a trial on various claims issues, including net equity, and most recently conducting a trial in two consolidated good faith cases, Judge Bernstein is 'undoubtedly more familiar' with the factual and legal issues in [this action]."); *Lehman Bros. Holdings Inc. v. Intel Corp.* (*In re Lehman Bros. Holdings Inc.*), 18 F. Supp. 3d 553, 558 (S.D.N.Y. 2014) (citations omitted) (declining to withdraw the reference and emphasizing the bankruptcy court's "experience with the Lehman bankruptcies and related adversary proceedings"); *Pryor v. Tromba*, No. 13-CV-676 (JFB), 2014 WL 1355623, at *7 (E.D.N.Y. Apr. 7, 2014) (citations omitted) (denying motion to withdraw the reference where the bankruptcy court "has administered the adversary proceeding for approximately over two years, overseen discovery, held hearings, has the motions for summary judgment before it, and is more intimately familiar with the facts, circumstances, and legal issues surrounding the Debtor's bankruptcy case and the adversary proceeding"); *Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A.* (*In re Lehman Bros. Holdings Inc.*), 480 B.R. 179, 196 (S.D.N.Y. 2012) (citations omitted) ("Particularly given the bankruptcy court's involvement thus far in the litigation, the Court finds that judicial economy weighs against withdrawing the reference at this time."); *Hometrust Mortg. Co.*, 2015 WL 891663, at *4 (citations

and internal quotation marks omitted) (bankruptcy court's "specialized knowledge" related to underlying bankruptcy "will contribute to swifter resolution of the claims at issue").

Defendants argue judicial economy is not served by retaining the reference because this case is still in its early stages, and the Bankruptcy Court would be limited to submitting proposed findings of fact and conclusions of law for *de novo* review by the district court (Mem. of Law in Supp. of Defs. Compound Labs, Inc.'s Rober Leshner's, & Geoffrey Hayes's Mot. to Withdraw the Reference Pursuant to 28 U.S.C. § 157(D), In re Celsius Network LLC, No. 25-cv-00926-JLR (S.D.N.Y. Jan. 31, 2025), ECF No. 3 at 11-12), but even if that were true, courts regularly find that such proposals are uniquely valuable in the bankruptcy context and that the bankruptcy court should oversee all pretrial proceedings until a case is ready for trial even where the bankruptcy court is not able to finally determine the matter.  *See, e.g.*, *Sheldrake Lofts LLC v. Remediation Cap. Funding, LLC* (*In re Sheldrake Lofts LLC*), No. 14-cv-4274 (NSR), 2014 WL 6450340, at *3 (S.D.N.Y. Nov. 15, 2014) ("[T]he [b]ankruptcy [c]ourt's experience and its familiarity with the complexities of this case will be a valuable resource to this Court in making an ultimate determination on the matter."); *see also supra* Sec. I.  Defendants additionally contend that because Plaintiff's claims are non-core, withdrawal of the reference would not hinder the uniform administration of bankruptcy law.  However, "[c]ourts in this [d]istrict have also emphasized intra-case uniformity and found that uniformity is clearly served by leaving [similar, related] disputes in the hands of a single court." *Sec Inv. Prot. Corp.*, 2023 WL 6122905, at *8 (alterations in original) (citations and internal quotations omitted); *see also Ball v. Soundview Composite Ltd.* (*In re Soundview Elite Ltd.*), Nos. 13-13098, 14-CV-3179 SAS, 2014 WL 2998529, at *4 (S.D.N.Y. July 3, 2014) (citation omitted) ("denying the motion to withdraw will promote uniformity of bankruptcy administration" because "it would be disruptive to have multiple judges adjudicating

separate but related issues in the chapter 11 cases of the debtor and the related entities"); *Cal. v. Enron Corp.* (*In re Enron Corp.*), No. 05 Civ. 4079(GBD), 2005 WL 1185804, at *3 (S.D.N.Y. May 18, 2005) ("the uniform administration of the bankruptcy court proceedings weigh[s] in favor of not withdrawing the reference [because] [t]he [b]ankruptcy [c]ourt has presided over the Enron bankruptcy cases for over three years . . . [and] is more thoroughly familiar with the Debtors [sic] claims and issues in the instant matter and all of the other Enron-related cases").

Finally, considerations in favor of reduced forum shopping weigh strongly in favor of maintaining the reference.  "As a general rule courts should employ withdrawal judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court."  *Sec. Inv. Prot. Corp.*, 2023 WL 6122905, at * 9 (citations and internal quotation marks omitted).  Courts in this district have recognized that "*Stern v. Marshall* has become the mantra of every litigant who, for strategic or tactical reasons, would rather litigate somewhere other than the bankruptcy court."  *Moore Macro Fund, LP v. Lehman Bros. Holdings Inc.* (*In re Lehman Bros. Holdings, Inc.*), No. 14cv5053, 2014 WL 4635576, at *2 (S.D.N.Y. Sept. 5, 2014) (quoting *In re Ambac Fin. Grp., Inc.*, 457 B.R. 299, 308 (Bankr. S.D.N.Y. 2011)).  That is exactly what the Defendants are attempting to do here.  In an obvious effort to secure the review of their Motion to Dismiss by what they apparently perceive as a more favorable decisionmaker, Defendants ask the Court to withdraw the reference just days before their Motion to Dismiss is ripe for adjudication by the Bankruptcy Court.  Defendants' gambit smacks of forum shopping and should not be countenanced.

### III.    Withdrawal Is Premature in Any Event

Even if the Court finds that it should ultimately withdraw the reference (and it should not), immediate withdrawal would be inappropriate and premature.

Withdrawal of the reference is premature where, as here, the case is not "trial ready." *See, e.g.*, *Mishkin v. Ageloff* (*In re Adler, Coleman Clearing Corp.*), 270 B.R. 562, 565 (S.D.N.Y. 2001) (denying motion to withdraw as unripe where case was not yet "trial-ready"); *JPMorgan Chase Bank, N.A.*, 480 B.R. at 194 (citation and internal quotation marks omitted) (withdrawal not required "until the case is ready to proceed to trial"); *see also Gucci v. Gucci*, No. 96 Civ. 8216 (JSR), 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997) (citation omitted) ("While there is no question that this case must return to the District Court if and when there is a jury trial, at the present infant stage of the proceeding the issue of withdrawal is discretionary and turns largely on considerations of judicial economy."). Thus, "'courts in this District generally deny withdrawal motions where a case is not yet ready for trial.'" *Sec. Inv. Prot. Corp.*, 2023 WL 6122905, at *9-10 (citations omitted). This is true for cases involving both mandatory and discretionary withdrawal and even when dispositive motions are pending or anticipated and would therefore be decided by the bankruptcy court, subject to de novo review by the district court. *See, e.g.*, *In re Adelphi Inst., Inc.*, 112 B.R. at 539 ("[T]he bankruptcy court . . . has the power to oversee pretrial matters arising in the proceeding, including the power to make interlocutory rulings and make proposed rulings upon any dispositive motions."); *Messer v. Bentley Manhattan Inc.* (*In re Madison Bentley Assocs., LLC*), 474 B.R. 430, 440 (S.D.N.Y. 2012) (citations omitted) (denying motion to withdraw the reference when "discovery is now complete and a motion for summary judgment is pending" because "[i]t is more efficient to allow the [b]ankruptcy [c]ourt to provide recommendations on findings of facts and conclusions of law than for this Court to begin anew"); *Sec. Inv. Prot. Corp.*, 2023 WL 6122905, at *6 (citations and internal quotation marks omitted) (even when a reference is withdrawn, "a bankruptcy court may still propose findings of fact and conclusions of law to the district court where it lacks authority to enter a final judgment"); *Nisselson v. Salim*

(*In re Big Apple Volkswagen, LLC*), Case No. 11-11388 (JLG), Adv. Proc. No. 11-2251 (JLG), 2016 WL 1069303, at *8 (Bankr. S.D.N.Y. Mar. 17, 2016) ("[A]ssertion [of the jury trial right] . . . does not detract from [the bankruptcy court's] power to issue proposed findings of fact and conclusions of law . . . . The right to a jury trial is implicated only if the party survives a dispositive motion, such as a summary judgment motion."); *see also Pension Benefit Guar. Corp. v. Pan Am Corp.*(*In re Pan Am Corp*.), 133 B.R. 700, 704 (S.D.N.Y. 1991) (remanding case mandatorily withdrawn because section 157(d) does not mandate "a right to have . . . core matters adjudicated by a district judge in the first instance").

    As in the cases cited above, this case is nowhere near to being trial ready. Plaintiff only recently filed its Amended Complaint; Defendants' Motion to Dismiss is nearly fully briefed and awaiting the Bankruptcy Court's review; the parties have not engaged in substantial discovery; and it is not yet clear if or when this case will proceed to trial. Under these circumstances, withdrawal would be premature, and the Motion should be denied so that the Bankruptcy Court can continue to oversee all pretrial proceedings, including Defendants' pending Motion to Dismiss. *See, e.g.*, *Brick v. Ring* (*In re Nat'l Risk Assessment, Inc.*), Case Nos. 14-11886 (CLB), 1:18-cv-932, A.P. No. 16-01046 (CLB), 2019 WL 234659, at *3 (W.D.N.Y. Jan. 16, 2019) ("The court will not withdraw the reference until such time as the case is ready for trial."); *Pryor*, 2014 WL 1355623, at *8 ("[N]othing in defendant's papers suggests that the proceeding is at the pre-trial stage. . . . Th[e] motions [for summary judgment] will have to be disposed of . . . before the Court could decide whether to withdraw the reference on the basis of a jury trial."); *Kirschner v. Agoglia*, 476 B.R. 75, 83 (S.D.N.Y. 2012) ("while Movants cite to their jury demand as a reason to withdraw the reference now, the Court may withdraw the reference if and when a trial is necessary"); *Hunnicutt Co., Inc. v. TJX Cos.* (*In re Ames Dep't Stores, Inc.*), 190 B.R. 157, 163 (S.D.N.Y. 1995)

(citations omitted) ("[T]he motions before [the Bankruptcy Court] . . . are cross-motions for summary judgment—evidently both [parties] believe their dispute can be settled as a matter of law. If either party is correct, no jury will be required . . . . Accordingly, even assuming for purposes of this motion that [Plaintiff] is entitled to a jury trial, I find that withdrawal of the reference would be premature."). Or, alternatively, were the Court to find withdrawal is appropriate at this time (which it should not), the Court should remand the matter to the Bankruptcy Court for pretrial proceedings, including a proposed ruling on Defendants' Motion to Dismiss and any subsequent dispositive motions. *See, e.g.*, *Shugrue v. Pension Benefit Guar. Corp.* (*In re Ionosphere Clubs, Inc.*), 142 B.R. 645, 649 (S.D.N.Y. 1992) (remanding case to the bankruptcy court for submission of proposed findings of fact and conclusions of law because the bankruptcy court's familiarity with the case, "developed over considerable time, create[ed] a judicial ambiance in which remand would be productive").

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion. In the alternative, should the Court be inclined to withdraw the reference, Plaintiff respectfully requests that the case be remanded to the Bankruptcy Court following withdrawal, including the power to make interlocutory rulings and proposed findings of fact and conclusions of law with respect to any dispositive motions.

Dated: February 10, 2025          **AKIN GUMP STRAUSS HAUER & FELD LLP**
       New York, New York

By:    */s/ Mitchell P. Hurley*
       Mitchell P. Hurley
       One Bryant Park
       New York, New York 10036
       Telephone:  (212) 872-1000
       Facsimile:  (212) 872-1002

       Elizabeth D. Scott (admitted *pro hac vice*)
       Nicholas R. Lombardi (admitted *pro hac vice*)
       2300 N. Field Street, Suite 1800
       Dallas, Texas 75201
       Telephone:  (214) 969-2800
       Facsimile:  (214) 969-4343

       *Counsel for Plaintiff*

## CERTIFICATION OF WORD COUNT

In accordance with Rule 3.C of Hon. Jennifer L. Rochon's Individual Rules of Practice in

Civil Cases, I hereby certify the foregoing document contains 4,595 words.

                              */s/ Mitchell P. Hurley*
                              Mitchell P. Hurley